## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KENGEE E. FORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-23-86-JFH-GLJ** |
| | ) | |
| **LIGHT HORSE POLICE** | ) | |
| **DEPARTMENT, and POLICE** | ) | |
| **OFFICER #1,** | ) | |
| | ) | |
| **Defendants,** | ) | |

## REPORT AND RECOMMENDATION

The present case was filed by pro se Plaintiff Kengee Ford, alleging claims of civil rights violations pursuant to 42 U.S.C. § 1983, including unlawful arrest, unlawful apprehension, and excessive force, as to the Light Horse Police Department and unnamed Police Officer #1. Docket No. 2. This matter is before the Court on motion by Defendant Chickasaw Nation Lighthorse Police Department to dismiss pro se Plaintiff Kengee Ford's Complaint in this case, for lack of subject matter jurisdiction and/or failure to state a claim. For the reasons set forth below, the undersigned Magistrate Judge finds that the Special Appearance and Defendant's Motion to Dismiss Complaint with Brief in Support [Docket No. 15] should be GRANTED.

### Background and Procedural History

Plaintiff, proceeding pro se, brought suit in this Court on March 8, 2023. Plaintiff's Complaint names Police Officer #1 and the Lighthorse Police Department, asserting federal question jurisdiction under 28 U.S.C. § 1331 for a violation of the Civil Rights Act

of 1964.  Docket No. 2, pp. 2-4.  He asserts the amount in controversy is $2,000,000.00, and alleges unlawful arrest and civil rights violations of "unlawful arrest – unlawful apprehension – excessive force," *id.*, pp. 4-5, but provides no further factual support for these allegations.  On April 6, 2023, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636.  Docket No. 10.

On April 24, 2023, the Chickasaw Nation Lighthorse Police Department ("LPD") entered a special appearance in order to file a motion to dismiss the Complaint, both for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), asserting sovereign immunity, and, alternatively, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See* Docket No. 15.  Plaintiff failed to respond to the motion, so this Court entered a minute order directing him to show cause within twenty-one days as to why the motion should not be considered and decided as uncontested.  *See* Docket No. 19.  Plaintiff timely responded to this Court's Show Cause Order, in which he provides additional information as to his claims, as well as citations to case law in support of his claims.  *See* Docket No. 20.  He does not address the LPD's arguments as to sovereign immunity.

## Legal Standards

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "generally take[s] one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). When jurisdiction is challenged through a facial attack,

-2-

the Court considers the allegations in the complaint to be true. *Id.* When jurisdiction is challenged through a factual attack, the Court "may not presume the truthfulness of the complaint's factual allegations" and "has wide discretion" to consider documentary and testimonial evidence. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995); *see also Ratheal v. United States*, 2021 WL 3619902, at *3 (10th Cir. Aug. 16, 2021) ([W]hether a motion to dismiss must be converted to a motion for summary judgment depends on whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.") (quotation omitted).

Here, LDP has asked the Court to consider documents outside the Complaint in support of the Motion to Dismiss that do not require resolution of the underlying claim, so the undersigned Magistrate Judge construes the motion as a factual attack on subject matter jurisdiction.  In this context, it is important to note that the burden of establishing subject matter jurisdiction is on the party asserting it; here, that is Plaintiff.  *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013)).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555-557, 570 (2007)).  Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555 (2007)); *see generally* Fed. R. Civ. P. 8(a)(2) (complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).  Thus, the appropriate inquiry is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."  *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (*quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement[.]"  *Iqbal*, 556 U.S. at 678.  Finally, Plaintiff is proceeding *pro se*; therefore his filings are "to be construed liberally" such that if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so," so long as the court does not "assume the role of advocate for the *pro se* litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Analysis**

LPD asserts that this Court lacks jurisdiction over it as an executive agency of the Chickasaw Nation, and further contends that even if the Court has jurisdiction, Plaintiff has failed to state a claim for relief.  As noted above, the Court must address whether subject matter jurisdiction exists before it can address the sufficiency of Plaintiff's Complaint.  Here, the undersigned Magistrate Judge finds this Court lacks subject matter jurisdiction, and the case should therefore be dismissed.

"Indian tribes are neither states, nor part of the federal government, nor subdivisions of either. Rather, they are sovereign political entities possessed of sovereign authority not derived from the United States, which they predate." *Nanomantube v. Kickapoo Tribe in Kansas*, 631 F.3d 1150, 1151-1152 (10th Cir. 2011) (citation omitted). "As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Oklahoma v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998); *see also E.F.W. v. St. Stephen's Indian High Sch.,* 264 F.3d 1297, 1304 (10th Cir. 2001) ("As an aspect of this sovereign immunity, suits against tribes are barred in the absence of an unequivocally expressed waiver by the tribe or abrogation by Congress.") (quoting *Fletcher v. U.S.*, 116 F.3d 1315, 1324 (10th Cir. 1997)).  "Not only is sovereign immunity an inherent part of the concept of sovereignty and what it means to be a sovereign, but 'immunity [also] is thought [to be] necessary to promote the federal policies of tribal self[-]determination, economic development, and cultural autonomy.'" *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1182-

1183 (10th Cir. 2010) (quoting *Am. Indian Agric. Credit Consortium, Inc. v. Standing Rock Sioux Tribe,* 780 F.2d 1374, 1378 (8th Cir.1985))

Additionally, "statutes are to be construed liberally in favor of" Tribes, *see Montana v. Blackfeet Tribe of Indians*, 471 U.S. 759, 766 (1985), and "controlling United States Supreme Court precedent, has clearly established that tribes enjoy tribal sovereign immunity from suit by a non-Native American entity no matter if the actions by the tribe 'involve[d] governmental or commercial activities and whether they were made on or off a reservation[,]'" *Bales v. Chickasaw Nation Indus.*, 606 F. Supp. 2d 1299, 1304 (D.N.M. 2009) (quoting *Kiowa Tribe*, 532 U.S. at 760). This means that "tribal immunity extends to subdivisions of a tribe, and even bars suits arising from a tribe's commercial activities." *Native Am. Distrib. v. Seneca-Cayuga Tobacco Co.*, 546 F.3d 1288, 1292-1293 (10th Cir. 2008) (citing *Kiowa Tribe,* 523 U.S. at 759); *see also Breakthrough Mgmt. Grp.*, 629 F.3d at 1183 ("Tribal sovereign immunity may extend to subdivisions of a tribe, including those engaged in economic activities, provided that the relationship between the tribe and the entity is sufficiently close to properly permit the entity to share in the tribe's immunity.").

The Chickasaw Nation is a federally recognized Indian Tribe in the United States, "recognized to have the immunities and privileges available to federally recognized Indian Tribes by virtue of their government-to-government relationship with the United States as well as the responsibilities, powers, limitations, and obligations of such Indian Tribes." 88 Fed. Reg. 2112-01, 2023 WL 157851, at *2114 (Jan. 12, 2023). The Chickasaw Nation created a tribal police force named the Chicksaw Lighthorse to work concurrently with the Bureau of Indian Affairs to "enforce the Chickasaw Nation Code, keep the peace and

protect public safety within the Chickasaw Nation Jurisdiction," as "an inherent function of" The Chickasaw Nation's Executive Department. *See* Chickasaw Tribal Legislature, General Resolution No. 21-058 (May 21, 2004) [Docket No. 15, Ex. 1, p. 2].

Arguments of sovereign immunity and subject matter jurisdiction are inextricably intertwined. *See E.F.W.*, 264 F.3d at 1302-1303 ("Tribal sovereign immunity is a matter of subject matter jurisdiction, which may be challenged by a motion to dismiss under Fed.R.Civ.P. 12(b)(1)[.]") (citing *Fletcher,* 116 F.3d at 1323-1324); *see also Kiowa Tribe,* 523 U.S. at 754. Because the LPD, as a tribal police force, is an agency of the Chickasaw Nation, it is entitled to the same immunity afforded the Tribe. Additionally, Plaintiff has failed to provide any evidence that the LPD has waived this immunity. Accordingly, LPD is entitled to dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction based on tribal sovereign immunity.

Police Office #1. "Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996) (collecting cases). Here, it is unclear from Plaintiff's Complaint who Police Officer # 1 is, and Plaintiff has not sufficiently identified the officer in his Complaint to suggest that this officer could eventually be served. However, Plaintiff's "Response to Order to Show Cause" [Docket No. 20], suggests that an LPD officer arrested him on March 19, 2021, and the attached exhibit contains a "Booking Sheet" naming an arresting officer. It is possible this officer is the same one intended to be Police Officer #1, although it is far from certain. Accordingly,

the undersigned Magistrate Judge recommends that Plaintiff be given an opportunity to remedy this defect by filing an Amended Complaint as Police Officer #1 only. *See Dangim v. New Mexico*, 2022 WL 486842, at *3 (D.N.M. Feb. 17, 2022) ("The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to 'remedy defects potentially attributable to their ignorance of federal law.'") (*quoting Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990)). Plaintiff would then be responsible for accomplishing service as to this Defendant in accordance with Fed. R. Civ. P. 4.

Recommendations. Based on these findings, the undersigned Magistrate Judge recommends that Plaintiff's claims against LPD be dismissed without prejudice. *See Kelly v. Wilson*, 426 Fed. Appx. 629, 633 (10th Cir. 2011) ("A dismissal for lack of subject matter jurisdiction must be without prejudice because 'the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.'") (quoting *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1216 (10th Cir. 2006)). Additionally, the undersigned Magistrate Judge recommends that Plaintiff be granted leave to cure the above-mentioned deficiencies by filing an Amended Complaint as to unnamed Police Officer #1 only.

## CONCLUSION

Based on the above findings, the undersigned Magistrate Judge hereby RECOMMENDS that Special Appearance and Defendant's Motion to Dismiss Complaint with Brief in Support [Docket No. 15] be GRANTED. The undersigned Magistrate Judge further RECOMMENDS that, upon adoption of this Report and Recommendation, Plaintiff be granted leave to file an Amended Complaint within twenty-one (21) days, in order to

correct deficiencies identified as to unnamed Police Officer #1 only. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 9th day of June, 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**